1    WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Benjamin Freeman,                        No.   CV 15-0590-PHX-SMM (MHB)

10                       Plaintiff,

11        v.                                            O R D E R

12   Joseph M. Arpaio, et al.,

13                       Defendants.

14

15        Plaintiff Benjamin Freeman, who is confined in the Fourth Avenue Jail in Phoenix

16   Arizona, filed a *pro se* civil rights Complaint in Maricopa County Superior Court, case#

17   CV15-003568, on March 13, 2015.  (Doc. 1-2, Ex.2.)  In his Complaint, Plaintiff alleged

18   violations of his federal constitutional rights.  Plaintiff sued Maricopa County Sheriff

19   Joseph M. Arpaio, and the following staff of the Maricopa County Sheriff's Office

20   (MCSO): Inmate Legal Services (ILS) Supervisor C. Lillie; and Detention Officers John

21   or Jane Does B1328 and B0429.   Further, although not expressly identified as

22   Defendants, Plaintiff included allegations against Sergeant Haider, Lieutenants Beyerle

23   and A4226, L. Estrada, notary publics C. Gerdes and R.A. Perry, and Maricopa County.

24   Plaintiff issued summons to Maricopa County, Arpaio, Lillie, Doe #B0429, Gerdes,

25   Haider, Beyerle, Doe #B1328, Perry, and Estrada.

26        Defendants Arpaio, Lillie, Beyerle, Gerdes, Estrada, Perry, Doe B0429, Doe

27   B1328, and Haider were served with the Complaint on March 17, 2015, and Maricopa

28   County was served on March 25, 2015.  On April 1, 2015, Maricopa County removed the

JDDL-K

1  case to this Court based on federal question jurisdiction.  (Doc. 1-3.)  Plaintiff then filed a
2  motion to invoke the imminent danger exception, motion to remand, and motion for
3  appointment of counsel, to which the Defendants have responded and Plaintiff has
4  replied.  (Doc. 3-11.)

5      The Complaint facially supports that subject matter jurisdiction is proper in federal
6  court and that the case was timely removed.  28 U.S.C. § 1446(b).  Therefore, the Court
7  will deny Plaintiff's motion to remand.  The Court will also deny Plaintiff's motion to
8  invoke imminent danger exception under 28 U.S.C. § 1915(g), because this case was not
9  brought in federal court, but was instead removed to federal court, and the Court will
10  deny Plaintiff's motion to appoint counsel.  The Court will dismiss the Complaint with
11  leave to amend using the Court-approved form complaint.

12  **I.      Removal to Federal Court was Proper**

13      A defendant may remove any civil action brought in state court over which the
14  federal court would have original jurisdiction.  28 U.S.C. §1441(a).  That is, a civil action
15  that could have originally been brought in federal court may be removed from state to
16  federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal court has
17  original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of
18  the United States."  28 U.S.C. § 1331.

19      The Complaint in this case facially supports that subject matter jurisdiction exists
20  in federal court because Plaintiff alleges violation of his federal constitutional rights.  28
21  U.S.C. §§ 1441.  Further, the case was timely removed.  28 U.S.C. § 1446(b).
22  Accordingly, the Court has subject matter jurisdiction and the Court will deny Plaintiff's
23  motion to remand.[1]

24

25      [1]  Plaintiff seeks remand on the basis that he applied for deferral or waiver of court
26  fees or costs and did not seek to proceed *in forma pauperis* in state court.  Plaintiff, who
   has accumulated three strikes under the Prison Litigation Reform Act (PLRA), appears to
   fear that removal of his case to federal court will violate 28 U.S.C. § 1915(g) and require
27  him to pay the filing and administrative fees.  For those reasons, Plaintiff also attempts to
   invoke § 1915(g)'s imminent danger exception.  Section 1915(g) applies to cases or
28  appeals brought in federal court, not those removed from state to federal court by a
   defendant.  In such instances, a plaintiff is not required to meet the imminent danger
   exception, nor will a plaintiff in such circumstances be obligated to pay the filing and

1   **II.    Failure to Use the Court-Approved Form Complaint**

2       Local Rule 3.4 requires prisoners to use a court-approved form complaint.  As

3   noted above, Plaintiff used a state court form complaint.  The Court will dismiss the

4   Complaint with leave to file a first amended complaint using this District's approved

5   form.  The Court describes the relevant standards for the type of claims that Plaintiff

6   appears to be attempting to bring.

7   **III.   Statutory Screening of Prisoner Complaints**

8       The Court is required to screen complaints brought by prisoners seeking relief

9   against a governmental entity or an officer or an employee of a governmental entity.  28

10  U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

11  has raised claims that are legally frivolous or malicious, that fail to state a claim upon

12  which relief may be granted, or that seek monetary relief from a defendant who is

13  immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

14      A pleading must contain a "short and plain statement of the claim *showing* that the

15  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8

16  does not demand detailed factual allegations, "it demands more than an unadorned, the-

17  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

18  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

19  conclusory statements, do not suffice."  *Id.*

20      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

21  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

22  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable

24  for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible

25  claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

26  on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's

27

28  administrative fees for a removed case.  Instead, the removing defendant must pay those
    fees.  *See* 28 U.S.C. § 1914(a).  Therefore, Plaintiff's motions to remand and to invoke
    the imminent danger exception will be denied.

1   specific factual allegations may be consistent with a constitutional claim, a court must
2   assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.*
3   at 681.

4   But as the United States Court of Appeals for the Ninth Circuit has instructed,
5   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,
6   342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less
7   stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v.*
8   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

9   If the Court determines that a pleading could be cured by the allegation of other
10   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
11   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
12   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may
13   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

14   **IV.    Complaint**

15   Plaintiff ostensibly appears to be attempting to allege a claim for violation of the
16   Establishment Clause of the First Amendment and denial of access to the court.  He
17   alleges that he was a pretrial detainee at relevant times and that he is an atheist.  Plaintiff
18   further alleges the following:   on September 24, 2013, Plaintiff was arrested by
19   Scottsdale police and his 2000 Mercedes Benz was seized.  At the Fourth Avenue Jail,
20   American flag decals are present in every cell.  Further, patriotic songs with religious
21   overtones, specifically the national anthem, Amazing Grace, My Country Tis of Thee,
22   God Bless America, and the 23rd Psalm, are played every morning and evening on the
23   Jail's televisions.  Plaintiff contends that the presence of the flag decals and the repeated
24   broadcasts of the patriotic/religious music has caused him to suffer nightmares
25   concerning torture of women and children.   He further contends that the religious
26   overtones of the music infringe his right to be free from indoctrination in the Christian, or
27   other, religion.  Plaintiff also asserts that ILS staff failed to provide him case law and
28   statutes, and that he was refused services of a notary public to contest the civil forfeiture

1     proceedings concerning the 2000 Mercedes Benz seized from him.

2     **V.    Standard to State a Claim Under § 1983**

3           To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants

4 (2) under color of state law (3) deprived him of federal rights, privileges or immunities

5 and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th

6 Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d

7 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific

8 injury as a result of the conduct of a particular defendant and he must allege an

9 affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*,

10 423 U.S. 362, 371-72, 377 (1976).

11           To state a claim against a defendant, "[a] plaintiff must allege facts, not simply

12 conclusions [to] show that an individual was personally involved in the deprivation of his

13 civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an

14 individual to be liable in his official capacity, a plaintiff must allege injuries resulting

15 from a policy, practice, or custom of the agency over which that individual has final

16 policy-making authority. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th

17 Cir. 2002).  Further, there is no *respondeat superior* liability under §1983, so a

18 defendant's position as the supervisor of someone who allegedly violated a plaintiff's

19 constitutional rights, absent more, does not make him liable. *Monell v. Dep't of Soc.

20 Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A

21 supervisor in his personal capacity, "is only liable for constitutional violations of his

22 subordinates if the supervisor participated in or directed the violations, or knew of the

23 violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.  In addition,

24 where a defendant's only involvement in allegedly unconstitutional conduct is the denial

25 of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the

26 alleged unconstitutional behavior does not amount to active unconstitutional behavior for

27 purposes of § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); accord

28 Proctor v. Applegate, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); *Stocker v. Warden*,

No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); *Mintun v. Blades*, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); *see also Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

### A.    Religious Claim

Plaintiff appears in part to be attempting to allege an Establishment Clause claim under the First Amendment.  The Establishment Clause of the First Amendment, which is applicable to the States, *Community House, Inc. v. City of Boise*, 623 F.3d 945, 970 (9th Cir. 2010), provides that "Congress shall make no law respecting an establishment of religion."  U.S. Const. amend. I; *Lee v. Weisman*, 505 U.S. 577, 580 (1992).  Thus, the Establishment Clause bars governmental approval or disapproval of a particular religion or belief.  *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993).  The basic test for Establishment Clause violations is set out in *Lemon v. Kurtzman*, 403 U.S. 602, 612-13, (1971); to avoid violating the Establishment Clause, government acts (1) must have a "secular legislative purpose," (2) must not have a "principal or primary effect" that either "advances [or] inhibits religion," and (3) must not foster "an excessive government entanglement" with religion.  *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007).

### B.    Access to the Court Claim

Plaintiff also appears to be attempting to assert a denial of access to the court.  The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  *Lewis v. Casey*, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court.  *Id.* at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to

1    sentences or conditions of confinement before the courts." *Id.* at 356.

2    As a matter of standing, for an access-to-courts claim, a plaintiff must show that

3    he suffered an "actual injury" with respect to contemplated litigation. *Id.* at 349.  To

4    show actual injury with respect to contemplated litigation, the plaintiff must demonstrate

5    that the defendants' conduct frustrated or impeded him from bringing to court a

6    nonfrivolous claim that he wished to present. *Id.* at 352-53.

7    "[T]he injury requirement is not satisfied by just any type of frustrated legal

8    claim." *Id.* at 354.  The right of access to the courts "does not guarantee inmates the

9    wherewithal to transform themselves into litigating engines capable of filing everything

10   from shareholder derivative actions to slip-and-fall claims." *Id.* at 355.  The nonfrivolous

11   claim must be a direct or collateral attack on the inmate's sentence or a challenge to the

12   conditions of his confinement. *Id.*  "Impairment of any *other* litigating capacity is simply

13   one of the incidental (and perfectly constitutional) consequences of conviction and

14   incarceration." *Id.* (emphasis in original).

15   **VI.    Motion for Appointment of Counsel**

16   Plaintiff seeks the appointment of counsel based on his indigence, lack of legal

17   training and limited access to legal resources, complexity of the issues, need for expert

18   testimony, and his unsuccessful attempts to find pro bono counsel.  There is no

19   constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of*

20   *Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings *in*

21   *forma pauperis*, the court may request an attorney to represent any person unable to

22   afford one.  28 U.S.C. § 1915(e)(1).  Appointment of counsel under 28 U.S.C.

23   § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v.*

24   *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  A determination with respect to

25   exceptional circumstances requires an evaluation of the likelihood of success on the

26   merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the

27   complexity of the legal issue involved. *Id.*  "Neither of these factors is dispositive and

28   both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v.*

1  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

2      Having considered the above elements, it does not appear at this time that

3  exceptional circumstances are present that require the appointment of counsel in this

4  case.  Plaintiff is in no different position than many *pro se* prisoner litigants.  Therefore,

5  the Court will deny without prejudice Plaintiff's motion for appointment of counsel.

6  **VII.   Warnings**

7      **A.    Release**

8      If Plaintiff is released while this case remains pending, and the filing fee has not

9  been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

10  that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

11  (2) file a *non*-prisoner application to proceed *in forma pauperis*.  Failure to comply may

12  result in dismissal of this action.

13      **B.    Address Changes**

14      Plaintiff must file and serve a notice of a change of address in accordance with

15  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

16  for other relief with a notice of change of address.  Failure to comply may result in

17  dismissal of this action.

18      **C.    Copies**

19      Plaintiff must serve Defendants, or counsel if an appearance has been entered, a

20  copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a

21  certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also,

22  Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv

23  5.4.  Failure to comply may result in the filing being stricken without further notice to

24  Plaintiff.

25      **D.    Possible Dismissal**

26      If Plaintiff fails to timely comply with every provision of this Order, including

27  these warnings, the Court may dismiss this action without further notice.  *See Ferdik v.*

28  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action

for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's motions to remand, invoke the imminent danger exception, and appoint counsel are **denied.**  (Doc. 3, 4, 5.)

(2)     The Complaint (Doc. 1) is **dismissed** for failure to use the court-approved form.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 2nd day of June, 2015.


Honorable Stephen M. McNamee
Senior United States District Judge

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>           Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)                    )
          Plaintiff,                )
                                            )
          vs.                      )  **CASE NO.** _____
                                            )         (To be supplied by the Clerk)
(1) _____ , )
(Full Name of Defendant)                    )
(2) _____ , )
                                            )  **CIVIL RIGHTS COMPLAINT**
(3) _____ , )  **BY A PRISONER**
                                            )
(4) _____ , )  ☐ Original Complaint
          Defendant(s).            )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.   Institution/city where violation occurred: _____ .

Revised 3/9/07                    1                 **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
   _____at_____.
   (Position and Title)                                                (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
   _____at_____.
   (Position and Title)                                                (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
   _____at_____.
   (Position and Title)                                                (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____at_____.
   (Position and Title)                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities       ☐ Mail          ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available
at your institution?                                              ☐ Yes    ☐ No
b.  Did you submit a request for administrative relief on Count I?          ☐ Yes    ☐ No
c.  Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why
you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion        ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
  a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
  b.    Did you submit a request for administrative relief on Count III?          ☐ Yes   ☐ No
  c.    Did you appeal your request for relief on Count III to the highest level? ☐ Yes   ☐ No
  d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                          DATE                                                SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.